IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Secura Insurance Company, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-50343 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Great Plains Management, LLC, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Spring Lake Pork, LLC's motion to transfer venue [19] is denied.

**DISCUSSION**

Plaintiff Secura Insurance Company filed this declaratory judgment action against Defendant Great Plains Management, LLC and several of Defendant's members and employees on September 28, 2022. Dkt. 1.[1] Plaintiff seeks an order declaring that the insurance policies it issued to Defendant Great Plains Management, LLC do not provide any coverage for the claims Spring Lake Pork, LLC has asserted against Defendants regarding their alleged mismanagement of a pig farm in Vandalia, Missouri. Plaintiff named Spring Lake Pork, LLC as a necessary party because as the plaintiff in the underlying lawsuit, it has a tangible interest in the outcome of the declaratory judgments. In the underlying suit proceeding in the Eastern District of Missouri, Spring Lake Pork, LLC brings claims against Defendants for fraud, breach of fiduciary duty, negligent misrepresentation, breach of contract, fraudulent inducement, and negligence based on their

---

[1] Plaintiff has since filed a second amended complaint. Dkt. 7.

1

alleged mismanagement of its pig farm. *See Spring Lake Pork, LLC vs. Great Plains Management, LLC, Jan Huber, Jeff Dace, Jay Flora, and Harold Lee*, Case No. 2:19-cv-00018-HEA (E.D. Mo.).

Before the Court is Spring Lake Pork, LLC's motion to transfer this case to the district of the underlying litigation, the Eastern District of Missouri, Northern Division, pursuant to 28 U.S.C. § 1404(a). Dkt. 19. Both Plaintiff and Defendants have filed responses opposing a transfer of venue. Dkts. 26-27.[2]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The parties do not dispute that venue is proper in both the Northern District of Illinois and the Eastern District of Missouri. Thus, the Court's analysis is limited to consideration of the convenience of the parties and witnesses and the interest of justice. As the moving party, Spring Lake Pork, LLC has the "burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

## I. Convenience of Parties and Witnesses

When evaluating the convenience of parties and witnesses, courts generally consider: (1) the plaintiff's choice of forum; (2) the location of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009).

---

[2] Defendants adopt all arguments and facts pled in Plaintiff's response. Dkt. 27.

alleged mismanagement of its pig farm. *See Spring Lake Pork, LLC vs. Great Plains Management, LLC, Jan Huber, Jeff Dace, Jay Flora, and Harold Lee*, Case No. 2:19-cv-00018-HEA (E.D. Mo.).

Before the Court is Spring Lake Pork, LLC's motion to transfer this case to the district of the underlying litigation, the Eastern District of Missouri, Northern Division, pursuant to 28 U.S.C. § 1404(a). Dkt. 19. Both Plaintiff and Defendants have filed responses opposing a transfer of venue. Dkts. 26-27.[2]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The parties do not dispute that venue is proper in both the Northern District of Illinois and the Eastern District of Missouri. Thus, the Court's analysis is limited to consideration of the convenience of the parties and witnesses and the interest of justice. As the moving party, Spring Lake Pork, LLC has the "burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

## I. Convenience of Parties and Witnesses

When evaluating the convenience of parties and witnesses, courts generally consider: (1) the plaintiff's choice of forum; (2) the location of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009).

---

[2] Defendants adopt all arguments and facts pled in Plaintiff's response. Dkt. 27.

A plaintiff's choice of forum receives greater deference when the plaintiff files suit in its home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Plaintiff admits that Illinois is not its home forum. Plaintiff is a Wisconsin corporation with its principal place of business in Wisconsin. Accordingly, Plaintiff's choice of forum is not owed special deference in the transfer analysis.

As to the location of material events, the parties dispute where the material events took place. Spring Lake Pork, LLC argues that the location of the farm and the services performed by Defendants in managing the farm were in Missouri. Plaintiff avers that the insurance policies that are the subject of the instant declaratory judgment action were issued through an Illinois broker and delivered to Defendant in Illinois. Dkt. 26-1. Although the Court agrees that Illinois was the location where the insurance policies were issued, the coverage Defendants seek relates to their farm management services provided to a farm in Missouri. At this stage, this Court cannot say that issues related to the underlying services Defendants provided are not relevant to interpretation of policy and the coverage dispute. Accordingly, the location of the material events is not dispositive.

As for access to sources of proof, the parties agree that most documents are in electronic format and will be easy to exchange in either forum. As such, the location of the documents is not persuasive for or against transfer. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 11-CV-393-WMC, 2011 WL 13210037, at *3 (W.D. Wis. Dec. 21, 2011); *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004).

For the convenience of the witnesses, the party seeking a venue transfer bears the burden to "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Spring Lake Pork, LLC has not met that burden here. Spring Lake

Pork, LLC references two potential witnesses in Iowa, two in Illinois, and four in Missouri. Spring Lake Pork's Memo. at 4, Dkt. 20. However, it does not identify or provide any information for these witnesses, indicate whether they are party or non-party witnesses, or argue why their testimony is relevant to the instant coverage dispute. *See HealthRight Products, L.L.C. v. Coastal Counting & Indus. Scale Co.*, Inc., 17 CV 50203, 2019 WL 247543, at *4 (N.D. Ill. Jan. 17, 2019) ("More weight is given to non-parties than party witnesses because it is presumed parties will appear voluntarily."). It then goes on to state that "[a]ll of Spring Lake's employees are located in Missouri, as well as the majority of Spring Lake's witnesses (who may be called as witnesses in this case)." *Id.* Again, Spring Lake Pork, LLC gives no indication of "the nature and quality of the witnesses' testimony with respect to the issues of the case," namely the insurance coverage dispute. *Schwarz*, 317 F. Supp. 2d at 836. By contrast, Plaintiff identifies its underwriters and Defendant's managing member and employees that it would call to testify about the coverage dispute. Plaintiff highlights that none of its potential witnesses are located in Missouri, noting that its witnesses were located in Wisconsin, Illinois, Kentucky, and Iowa. Therefore, the convenience of witnesses, "normally one of the most important factors in determining the convenience of the proposed transferee venue—does not tilt the convenience scale in either direction." *Schwarz*, 317 F. Supp. 2d at 837.

As for the convenience of the parties, Spring Lake Pork, LLC points out that Plaintiff is located in Wisconsin, Defendant Great Plains Management, LLC is located in Illinois with its manager and employees located in Illinois, Kentucky, and Iowa, and Spring Lake Pork, LLC is located in Missouri. However, Spring Lake Pork, LLC makes no argument that it will be inconvenienced by litigating this case in Illinois. Spring Lake Pork, LLC states only that "[i]f both Missouri and Illinois are inconvenient to some extent for the parties and witnesses, the interests of

4

justice requires a transfer of the case to Missouri, the site of the underlying claim and the location of virtually all of the likely witnesses." Spring Lake's Reply at 2, Dkt. 29. However, as stated above, the location of the underlying claim and Spring Lake Pork, LLC's employees and other unidentified witnesses is not sufficient to warrant transfer. Moreover, "[t]ransfer is not appropriate where it would merely shift inconvenience from one party to another." *Graham v. United Parcel Serv.*, 519 F. Supp. 2d 801, 810 (N.D. Ill. 2007). Therefore, Spring Lake Pork, LLC has not identified any inconvenience caused in litigating this case in the Northern District of Illinois that would justify a transfer of venue.

In considering all the above factors, neither forum is especially more convenient for the parties or witnesses. Litigating in Illinois would be more convenient for Plaintiff and Defendants and litigating in Missouri would be more convenient for Spring Lake Pork, LLC. Therefore, the Court finds that Spring Lake Pork, LLC has failed to meet its burden of proving that the Eastern District of Missouri is "clearly more convenient." *Coffey*, 796 F.2d at 220.

**II. Interests of Justice**

The "interests of justice" element relates to the "efficient administration of the court system" and thus, "courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal citations omitted).

The parties do not discuss which forum is more likely to provide a faster resolution of the case. However, Plaintiff points out, and Spring Lake Pork, LLC does not dispute, that insurance coverage declaratory judgment actions generally resolve on motions for summary judgment with

no need to go to trial. Accordingly, even if the parties might receive a quicker resolution in Missouri, this only slightly favors transfer. *See Auto-Owners*, 2011 WL 13210037, at *4 ("The difference in time to trial between the two courts weighs against transfer, although not heavily given the likely resolution on paper submissions.").

As for familiarity with the relevant law, Spring Lake Pork, LLC argues that Missouri law will likely govern the insurance coverage issues. Plaintiff avers that it expects Illinois law will govern. Dkt. 26-1. However, neither side cites any case law to support their positions on the governing law. Regardless, whether Missouri or Illinois law applies, Spring Lake Pork, LLC does not argue that Missouri law is "unique or significantly different from tort law followed in Illinois and other states" such that transfer is warranted. *Willis v. Hilton Hotels Corp.*, 06 C 4637, 2007 WL 611262, at *5 (N.D. Ill. Feb. 22, 2007). "The principles of contract law tend to be universal, well settled, and not complex, making it unlikely that courts in this district or in the [Eastern District of Missouri] would have difficulty applying the relevant contract law." *HealthRight Products*, 2019 WL 247543, at *5. Therefore, this factor is neutral.

As for resolving the disputes in either Illinois or Missouri, Spring Lake Pork, LLC argues that Missouri has a more compelling interest in the resolution of this matter because the underlying farm management occurred in Missouri. However, the ongoing litigation between Spring Lake Pork, LLC and Defendants in Missouri does not compel transfer of this case. The instant action is for a declaratory judgment related to an insurance coverage dispute between Plaintiff and Defendants. As Plaintiff points out, Illinois also has an interest in enforcing and interpreting insurance contracts entered into in Illinois with Illinois citizens. On balance, the interests of justice do not favor transferring the case.

6

Based on the evidence provided and after weighing all the relevant factors, the Court finds that Spring Lake Pork, LLC has failed to meet its burden of proving that transfer to the Eastern District of Missouri is warranted.

## CONCLUSION

For the reasons mentioned above, Spring Lake Pork, LLC's motion to transfer venue [19] is denied.

Date: February 17, 2023  By: *Lisa A. J[ensen]*
Lisa A. Jensen
United States Magistrate Judge